# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 14, 2021

```
* * * * * * * * * * * * * * * *
JOHN SILVA,                      *        UNPUBLISHED
                                 *
         Petitioner,             *        No. 18-1357V
                                 *
v.                               *        Special Master Dorsey
                                 *
SECRETARY OF HEALTH              *        Decision Based on Stipulation;
AND HUMAN SERVICES,              *        Influenza ("Flu") Vaccine; Chronic
                                 *        Immune Demyelinating
         Respondent.             *        Polyneuropathy ("CIDP").
                                 *
* * * * * * * * * * * * * * * *
```

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Christine Mary Becer, US Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On September 5, 2018, John Silva ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of an influenza ("flu") vaccine on September 15, 2015, he developed chronic immune demyelinating polyneuropathy ("CIDP"). Amended ("Am.") Petition at 1 (ECF No. 25).

On September 14, 2021, the parties filed a stipulation recommending an award of compensation to petitioner.  Stipulation (ECF No. 81).  Respondent denies that the flu vaccine caused petitioner to suffer from CIDP or any other injury or his current condition.  Nevertheless,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

(1) **A lump sum of $97,939.30, which represents compensation for first year life care expenses ($20,520.10), pain and suffering ($75,000.00), and past unreimbursable expenses ($2,419.20), in the form of a check payable to petitioner.**

(2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Nora B. Dorsey**</u>
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JOHN SILVA,                          )
                                     )
            Petitioner,              )
    v.                               )
                                     )    No. 18-1357V
SECRETARY OF HEALTH                  )    Special Master Dorsey
AND HUMAN SERVICES,                  )    ECF
                                     )
            Respondent.              )
                                     )

## STIPULATION

The parties hereby stipulate to the following matters:

1. John Silva, petitioner, filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of an

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),

42 C.F.R. § 100.3 (a).

2. Petitioner received his flu vaccination on September 15, 2015.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from chronic immune demyelinating

polyneuropathy ("CIDP") as a result of receiving the flu vaccine, and that he experienced the

residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from CIDP or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $97,939.30, which amount represents compensation for first year life care expenses ($20,520.10), pain and suffering ($75,000.00), and past unreimbursable expenses ($2,419.20) in the form of a check payable to petitioner;
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, John Silva, pursuant to which the

Life Insurance Company will agree to make payments periodically to petitioner as follows for

the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable Medigap expenses, beginning on the first anniversary of the
date of judgment, an annual amount of $3,137.40 to be paid for the remainder of
petitioner's life, increasing at the rate of three percent (3%), compounded annually from
the date of judgment.

b. For future unreimbursable Vitamin B12, Physical Therapy, Cane, Cane Outside,
Reacher, Bed Rail, Telescoping Shoe Horn, Shower Transfer Bench, Hand Held Shower,
Elevated Toilet Seat, and Lift Chair expenses, on the first anniversary of the date of
judgment, a lump sum of $767.39. Thereafter, beginning on the second anniversary of
the date of judgment, an annual amount of $492.39 to be paid for the remainder of
petitioner's life, all amounts increasing at the rate of three percent (3%), compounded
annually from the date of judgment.

c. For future unreimbursable Scooter, Scooter Battery, and Scooter Maintenance
expenses, beginning on the first anniversary of the date of judgment, an annual amount of
$790.24 to be paid for the remainder of petitioner's life, increasing at the rate of three
percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Home Care expenses, beginning on the first anniversary of
the date of judgment, an annual amount of $6,032.00 to be paid for the remainder of
petitioner's life, increasing at the rate of three percent (3%), compounded annually from
the date of judgment.

e. For future unreimbursable Neurologist Mileage, Cancer Specialist Mileage, Physical
Therapy Mileage, and Counselor Mileage expenses, on the first anniversary of the date of
judgment, a lump sum of $137.43. Then, beginning on the second anniversary of the date
of judgment, an annual amount of $125.24 to be paid up to the anniversary of the date of
judgment in year 2026. Thereafter, beginning on the anniversary of the date of judgment
in year 2026, an annual amount of $438.36 to be paid for the remainder of petitioner's
life, all amounts increasing at the rate of three percent (3%), compounded annually from
the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid

3

to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, John Silva, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of John Silva's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

4

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 15, 2015, as alleged by petitioner in a petition filed on September 5, 2018, and in an amended petition for vaccine compensation filed on or about June 11, 2019, in the United States Court of Federal Claims as petition No. 18-1357V.

17.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged CIDP or any other injury or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

6

Respectfully submitted,

**PETITIONER:**

JOHN SILVA

**ATTORNEY OF RECORD FOR
PETITIONER:**

RONALD C. HOMER, ESQ.
JOSEPH PEPPER, ESQ.
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Dale Mishler, DHSc, for

TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 09/14/2021

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Christine M Becer
by Heather Pearlman

CHRISTINE M. BECER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665
christine.m.becer@usdoj.gov

7